# MUSCOGEE SUPERIOR COURT,

## April Term, 1842.

---

### The State vs. John Harrell.

### *Habeas Corpus.*

A Sheriff cannot execute an attachment, for a contempt of Court, out of his county.

This writ is directed to *Daniel Mathewson,* at the instance of *John Harrell.* From the return of *Mathewson,* it appears, that as the Sheriff of Stewart County, in this State, he arrested the said *John Harrell,* in this county, on the second day of this month, by virtue of an attachment issued by the Justices of the Inferior Court of Stewart County, against the said *Harrell,* for an alleged contempt of their authority, in refusing to answer a writ of *habeas corpus,* lately directed to the said *John,* in the County of Stewart, and that the said *Daniel* still holds the said *John* in custody.

The attachment is directed specially to the said *Daniel,* as the Sheriff of Stewart County, commanding him to arrest and commit the body of the said *John,* until the supposed contempt is purged. No jurisdiction is given in the attachment to any other officer, to execute it.

From these facts, it is most apparent that *Mathewson,* on the supposition that he was at the time of the arrest the Sheriff of Stewart, had no authority by virtue of the attachment, to arrest the prisoner in Muscogee county, and to detain him here in custody. His commission does not extend into this county for the purpose in question. "The authority of the Sheriff is confined to the county whereof he is Sheriff—if the Sheriff therefore execute a writ out of his county, he is a trespasser."—*Watson,* on the duty of Sheriffs, 44.

Other objections to the validity of the attachment have been taken, on the validity of which, it is not material to pass.

The application for the discharge of the petitioner, is granted.

MARSHALL J. WELLBORN, j. s. c. c. c.